**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 23 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LARRY DON SHELTON,

      Plaintiff - Appellant,

v.

PITTSBURG COUNTY BOARD OF
COMMISSIONERS, a/k/a Board of
County Commissioners of Pittsburg
County, Oklahoma; STATE OF
OKLAHOMA, DEPARTMENT OF
HUMAN SERVICES; DIRECTOR OF
DEPARTMENT OF HUMAN
SERVICES, in individual capacity;
ADMINISTRATOR, OKLAHOMA
DEPARTMENT OF HUMAN
SERVICES, in individual capacity;
UNITED STATES OF AMERICA;
DON ABDALLAH, Chief Deputy
United States Marshal, in his
individual capacity,

      Defendants - Appellees.

No. 01-7157
(D.C. No. 01-CV-109-JC)
(E.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **O'BRIEN** and **PORFILIO** , Circuit Judges, and **KANE**,[**] Senior District Judge.
.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Larry Don Shelton, proceeding pro se, appeals from the judgment against him in this civil rights case for false arrest and imprisonment filed under 42 U.S.C. § 1983. We affirm.

On April 3, 2000, while plaintiff was at the federal district court clerk's office to research a case there, he was arrested on a state warrant by defendant Don Abdallah, a federal marshal. He was released from custody later that day. Plaintiff sued numerous defendants, arguing that a federal marshal has no authority to arrest a person on a misdemeanor warrant unless the misdemeanor was committed in his presence. See 18 U.S.C. § 3053.

The district court dismissed without prejudice as to defendant Pittsburg County because plaintiff's conclusory allegations did not give the County fair

_____

[**]     The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

-2-

notice of the claims against it. The court dismissed based on Eleventh Amendment immunity as to defendants Oklahoma Department of Human Services, Director of Human Services, and Administrator of the Child Support Enforcement Division of the Oklahoma Department of Human Services. The court dismissed plaintiff's claims against defendants Director of Human Services and Administrator of the Child Support Enforcement Division of the Oklahoma Department of Human Services in their individual capacities based on plaintiff's failure to allege their personal participation in his arrest. The court dismissed plaintiff's negligence claim against defendant the United States because plaintiff failed to exhaust his administrative remedies, as required before bringing a claim under the Federal Tort Claims Act. As for defendant Abdallah, the court observed that he acted pursuant to federal and state authority when he arrested plaintiff on a state warrant. The court concluded that defendant Abdallah was entitled to qualified immunity.

We agree that the marshal in this case was acting pursuant to federal and state authority, that 18 U.S.C. § 3053 does not apply, and that all of the defendants were entitled to judgment in their favor. Plaintiff's claim that the district court is biased against him is unfounded.

All outstanding motions are denied.  The judgment is AFFIRMED.  The mandate shall issue forthwith.


Entered for the Court


John C. Porfilio
Circuit Judge